```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

ADAM T. SMITHSON, et al.,

    Plaintiffs,

v.                        Civil Action No. 1:15-00583

THERESA B. SMITHSON,

    Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

Now come the Plaintiffs, Adam T. Smithson and Tabitha Young, individually and as Co-Executor and Co-Executrix of the Estate of Willard T. Smithson, by and through their counsel, Jeffry A. Pritt and Pritt Law Firm, PLLC, and do hereby respectfully submit the following Memorandum in Support of their Motion to Remand:

### STATEMENT OF THE CASE

This state-law action seeking recovery of retirement/pension and 401k plan benefits which were distributed to the Defendant, Theresa B. Smithson, was originally filed before the Circuit Court of Monroe County, West Virginia. On January 14, 2015, the Defendant removed it to this Court under the premise that a federal question was presented under the pleadings herein. However, the Plaintiffs maintain that their post-distribution action against a plan beneficiary seeking to enforce a pre-distribution waiver of the right to retain such funds is not preempted by federal law, and

does not therefore involve any federal question. Accordingly, the Plaintiffs have timely moved for this matter to be remanded back to state court.

FACTS

As set out in their Complaint and the Exhibits attached thereo, the Plaintiffs, Adam T. Smithson and Tabitha Young, are the children of the decedent, Willard T. Smithson, and are the personal representatives of his Estate. Prior to his death, their father worked at the Celanese plant in Pearisburg for a number of years, and accrued benefits under both the Celanese Americas Retirement Savings Plan and the Celanese Americas Retirement Pension Plan, both of which are governed by the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1001 et seq. The benefits that Willard T. Smithson accrued under these two plans were quite significant.

Less than four years before his death Mr. Smithson determined to marry the Defendant, Theresa B. Smithson, and the two of them were apparently united in marriage on or about April 24, 2010. This was a second marriage for Mr. Smithson, and the Defendant is of no blood relation to the Plaintiffs. However, prior to marrying the Defendant, Mr. Smithson took such steps as he apparently believed were necessary to insure that his children would receive his retirement/pension and 401k plan benefits in the event something happened to him.

On March 13, 2010, Willard T. Smithson executed a Last Will and Testament by which he devised "all life insurance, disability, pension, retirement benefit plan, or 401 (K) retirement funds, unto" the Plaintiffs herein, to be equally divided between them. Last Will and Testament of Willard T. Smithson, ¶ SECOND(c) (attached as an Exhibit to the Complaint). Thereafter, on or about April 20, 2010, he and the Defendant entered into a "Real estate and Personal Property Contract Agreement" (hereinafter referred to as "Agreement")(attached as an Exhibit to the Complaint), in contemplation of their forthcoming marriage to each other a few days later. This Agreement was signed by both the Defendant and Mr. Smithson, notarized and witnessed.

The Agreement quite clearly provides that the Defendant and Mr. Smithson are each waiving any right to receive the retirement/pension or 401k accounts that either of them possessed prior to their marriage to each other, and that they reserved the right to dispose of such funds at the time of their death. The Agreement specifically states that "upon the death of a party, all property will be treated as separate property owned solely by one party unless there is proof of shared legal ownership." Agreement, ¶ I, p. 2. Moreover, it also indicates each of them would "forever waive any right, title or interest either may have in . . . pension, retirement benefit plan, or 401 (K) account of the other . . . ." Agreement, ¶ III, p. 5.

Unfortunately, Willard T. Smithson passed away on March 18, 2014. Thereafter, the Plaintiffs are informed and believe that the

3

Defendant did accept and receive a distribution from the Celanese Americas Retirement Savings Plan, in the total amount of $256,770.11, on or about May 22, 2014, representing the entirety of their father's retirement savings. The Plaintiffs are likewise informed and believe the Defendant is receiving a monthly distribution in the amount of $2,423.02 from Celanese Americas Retirement Pension Plan, which represents the entirety of their father's retirement/pension plan benefit as calculated and distributed per the rules of the Plan.

At no time has the Defendant ever advised the Plaintiffs that she has received these funds, nor has she tendered them to the Plaintiffs or their father's Estate. Consequently, the Plaintiffs instituted this civil action before the Monroe County Circuit Court seeking enforcement of the pre-distribution waiver as set out in the Agreement pursuant to West Virginia contract/family law. The Plaintiffs have not joined the administrators of the plans named above as parties to this action, nor do they intend to do so. The Plaintiffs likewise do not contest the manner in which said administrators have determined that plan funds must be distributed. The Plaintiffs simply contend that once the funds were distributed then the Defendant's waiver is enforceable to prevent her from retaining them.

ARGUMENT

The Defendant's Notice of Removal indicates that this civil action was removed from the Monroe County Circuit Court because the

4

issues raised herein present a federal question thus conferring jurisdiction upon this Court pursuant to 28 U.S.C. 1331. Essentially, as set forth generally in both the Notice of Removal and the Defendant's Answer, it is her position that ERISA preempts the Plaintiffs' state court action, and that as a result thereof federal question jurisdiction is triggered. (The Defendant's Answer also sets forth various state-law defenses to the enforceability of the waiver as well.)

It is true that under prior Fourth Circuit precedent this type of action did involve a federal question because the enforceability of waivers under this general set of circumstances was deemed to be a matter of federal common law: "The issue before this court is whether a divorced spouse, who was the designated beneficiary under her ex-husband's ERISA plan, effectively waived her benefits via a marital settlement agreement that was incorporated into a divorce decree. ERISA does not address this topic directly, so federal courts may resolve it by developing federal common law." Estate of Altobelli v. International Business Machines Corp., 77 F.3d 78, 80 (4th Cir. 1996)(citing Phoenix Mut. Life Ins. Co. v. Adams, 30 F.3d 554, 562 (4th Cir 1994)). However, this approach has now been specifically disapproved by the United States Supreme Court.

In Kennedy v. Plan Administrator for DuPont Savings & Investment Plan, 555 U.S. 285, 129 S.Ct. 865, 172 L.Ed.2d 662 (2009), the Court adopted what is sometimes referred to as the "plan documents rule" when it held that an ERISA plan administrator can disregard a state-law waiver in determining who is the proper

5

recipient of benefits to be paid out following the death of plan participant. The ruling in Kennedy simply means that persons, such as the Plaintiffs herein, cannot seek to enforce their state-law waivers against ERISA plan administrators, and that the Administrators may proceed to distribute benefits exactly as contemplated by their plan documents. Any attempt by a Plaintiff to include an ERISA plan administrator as a party to such an action is indeed preempted by ERISA. This holding simplifies plan administration, and prevents plan administrators from having to navigate the quagmire of various state laws, while helping to insure that plan benefits are promptly distributed.

However, while Kennedy streamlined the process for ERISA plan administrators, it most specifically did not foreclose the potential enforceability of pre-distribution state-law waivers such as the Agreement at issue in the instant case. In fact, the Court set out in a footnote that it was not expressing "any view as to whether the Estate could have brought an action in state or federal court against [the beneficiary] to obtain the benefits after they were distributed." 555 U.S. at 299, n. 10.  It also cited decisions such as Sweebe v. Sweebe, 474 Mich. 151, 712 N.W.2d 708 (2006), which recognized that a valid state-law waiver could be enforced post-distribution, and was not preempted by ERISA.

In compliance with the holding in Kennedy, the Fourth Circuit has now discarded the federal common law analysis of these types of waivers as described in Altobelli, *supra*. Most recently, in Andochick v. Byrd, 709 F.3d 296 (4th Cir. 2013), our Circuit fell

6

in line with the post-Kennedy rationale in concluding that this type of civil action is not preempted by ERISA, which means that there is no federal question present. In Andochick, the named plan beneficiary (an ex-husband of a plan participant who had died) filed a declaratory judgment action in the Eastern District of Virginia specifically seeking a ruling that ERISA preempted his alleged waiver of the right to receive plan benefits, as part of their divorce proceedings, after the death of the participant. Id. at 298. The District Court stayed the beneficiary's action while the Administrators of the deceased plan participant's Estate moved forward with a state court action against him in Maryland by which they sought to enforce the waiver he had entered into in the divorce action. Id.

The Maryland Court ultimately ordered the beneficiary to waive his interests in the deceased participant's plan benefits, but did not address ERISA preemption. Id. The District Court then took up the case, found that ERISA did not preempt the state court ruling, and likewise ordered the beneficiary to renounce his rights to the funds paid out by the plan and to instead turn them over to the decedent's Estate. Id. The District Court then dismissed the beneficiary's case, and he appealed to the Fourth Circuit. Id.

Our Circuit Court of Appeals made short work of the beneficiary's arguments in concluding "that permitting post-distribution suits accords with the ERISA objectives discussed in Kennedy." Andochick, 709 F.3d at 300. In fact, the Fourth Circuit even went a little further in emphasizing that its ruling was in

7

conformance with all other appellate courts that had considered the interplay of ERISA and post-distribution suits seeking to enforce pre-distribution waivers:

> Because we detect no conflict with either ERISA's objectives or relevant Supreme Court precedent, we hold that ERISA does not preempt post-distribution suits against ERISA beneficiaries. We note that in reaching this conclusion, we adopt the same view as every published appellate opinion to address the question. See Estate of Kensinger, 674 F.3d at 135–39; Appleton v. Alcorn, 728 S.E.2d at 552, aff'g 708 S.E.2d at 392; Sweebe v. Sweebe, 474 Mich. 151, 712 N.W.2d 708, 714 (2006); Pardee, 112 P.3d at 315–16.

Andochick, 709 F.3d at 301.

Consequently, there can be no further argument in our jurisdiction that ERISA serves as no impediment to suits such as this one, and that preemption is not an issue herein. Absent preemption there is simply no other federal question presented by this case. This matter should therefore be remanded to the Circuit Court of Monroe County, West Virginia, so that Plaintiffs may ask that Court to construe and apply West Virginia contract/family law in order to determine whether the Agreement entered into between Willard T. Smithson and the Defendant constitutes a valid waiver of her right to receive the benefits from his Celanese retirement/pension and 401k plans.

## CONCLUSION

For the foregoing reasons the Plaintiffs respectfully request that this Court enter an Order remanding this civil action back to the Circuit Court of Monroe County, West Virginia; awarding them their attorney fees and expenses incurred herein; and, granting

such other and further relief as to this Court may seem just and equitable.

                                        ADAM T. SMITHSON, et al.
                                        By Counsel

s/      Jeffry A. Pritt
West Virginia Bar No.: 5573
Attorney for Adam T. Smithson
 and Tabitha Young
Pritt Law Firm, PLLC
P.O. Box 708
Union, West Virginia 24983
Telephone: (304) 772-4700
Fax: (304) 772-4705
E-mail: jeffpritt@prittlawfirm.com

9

CERTIFICATE OF SERVICE

I hereby certify that on the 13${}^{th}$ day of February, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of West Virginia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Jeffry A. Pritt